UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:04 CR 0062 |
| | ) | |
| CHRISTOPHER WABOL | ) | |

**CORRECTED MEMORANDUM, OPINION & ORDER**

**I. Procedural History**

The Defendant, **CHRISTOPHER WABOL**, was charged in Count One of a one (1)-count Complaint returned by a grand jury in this district on June 7, 2004. On June 10, 2004, the Grand Jury in this district returned a one-Count Indictment against the Defendant. On July 8, 2004, an order was issued for the Defendant to submit to a psychological evaluation while in the custody of the Attorney General. A Competency Hearing was held in this Court on October 27, 2004, and he was found competent to stand trial. He proceeded to a jury trial which commenced on February 14, 2005, and was convicted of Count 1 on February 15, 2005. Count 1 charges the Defendant with a violation of 18 U.S.C. § 875(c), Interstate Communication of Threats. On February 16, 2005, the Defendant was ordered, pursuant to 18 U.S.C. §§ 4244(b) and 4247(b), for commitment for post-conviction medical and psychiatric evaluation.

This Court has read and reviewed the results of the medical and psychiatric evaluation of the Defendant's history and present symptoms, a description of psychiatric, psychological and medical tests that were employed and the results of the same, the examiner's findings and the examiner's opinions as to diagnosis, prognosis and whether the Defendant suffers from a mental disease or defect. Particular attention was paid to the dangerousness of this

Defendant.

On the basis of the material in the record of this case, what this court has seen and heard at trial, and what this court read in the evaluation presented before it, this Court finds by, a preponderance of the evidence, that the Defendant is presently suffering from a mental disease or defect. As such, pursuant to 18 U.S.C. § 4244, the Defendant shall, in lieu of being sentenced to imprisonment, be committed to a suitable institution for care or treatment for the maximum term authorized by law for the offense for which the defendant was found guilty, five (5) years, or until such a time that he has recovered from his mental disease or defect and may proceed to formal sentencing . 18 U.S.C. §§ 4241(d) and 4244(d). *See also United States v. Abou-Kassem*, 78 F.3d 161, 165 (5th Cir. 1996).

Under subsection (e), when the director of the facility in which the Defendant is hospitalized pursuant to subsection (d) determines the Defendant has recovered from his mental disease or defect, to such an extent that he is no longer in need of custody for care or treatment in such a facility, he shall promptly file a certificate the that effect with the clerk of this court. The clerk shall then send a copy of the certificate to the Defendant's counsel and the U.S. Attorney assigned to this case. If, at the time of the filing of the certificate, the provisional sentence imposed pursuant to subsection (d) has not expired, the court shall proceed finally to sentencing and may modify the provisional sentence.

**IT IS SO ORDERED**.

**DATED: August 4 , 2005**

                                                S/ ALLEN SHARP
                                                **ALLEN SHARP, JUDGE**
                                                **NORTHERN DISTRICT OF INDIANA**