# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 3:04-CR-62-TLS |
| | ) | |
| CHRISTOPHER WABOL | ) | |

**OPINION AND ORDER**

On November 8, 2006, this Court found the Defendant, Christopher Wabol, not guilty only by reason of insanity on charges that he made threatening, interstate telephone calls. On December 21, 2006, the Court committed the Defendant to the custody of the United States Attorney General on the ground that he was suffering from a mental disease or defect for which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. *See* 18 U.S.C. § 4243(e). Since then, the Defendant has remained under civil commitment in various federal facilities upon the finding that his release would create substantial risk of danger due to mental illness. The Defendant is currently at the Federal Medical Center (FMC) in Rochester, Minnesota. On August 3, 2015, the warden of the Rochester FMC issued a Certificate of Conditional Release [ECF No. 260]. Additionally, the Court was provided with a Risk Assessment Addendum [ECF No. 260], which was completed by a risk assessment pane that convened on July 27, 2015, in anticipation of an opening for the Defendant in a residential care facility.

Persons who are charged with a crime, and found not guilty only by reason of insanity, may not be held in civil commitment beyond the time when they are no longer mentally ill, or no longer pose a danger to themselves or others. *Foucha v. Louisiana*, 504 U.S. 71, 77 (1992). The statutory provisions regarding discharge are found in 18 U.S.C. § 4243(f):

**(f) Discharge.**--When the director of the facility in which an acquitted person is

> hospitalized pursuant to subsection (e) determines that the person has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the person's counsel and to the attorney for the Government. The court shall order the discharge of the acquitted person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released. If, after the hearing, the court finds by the standard specified in subsection (d) that the person has recovered from his mental disease or defect to such an extent that–
>
> > **(1)** his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or
> >
> > **(2)** his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall–
> >
> > > **(A)** order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and
> > >
> > > **(B)** order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.
>
> The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment.

18 U.S.C. § 4243(f).

Based on the Certificate filed by the warden of FMC Rochester, the Court will order the conditional discharge of the Defendant. Moreover, the Court finds, by clear and convincing

2

evidence, that the Defendant has recovered from his mental disease or defect to such an extent that "his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(f). This finding is based on the various risk assessment reports, the latest resulting from the review conducted by the panel on July 27, 2015.

Efforts have been ongoing in this case to find suitable discharge options for the Defendant. To this end, medical staff encouraged the Defendant to consider accepting a long-acting injection of antipsychotic medication that could be easily monitored under a conditional release. The Defendant's active symptomology had prevented potential placement facilities from accepting him for continued care, and the Defendant had been resistant to accepting increased levels of psychiatric medication and treatment. The risk assessment panel indicated that it would consider making a recommendation for a conditional release under a prescribed regimen of care if placement for such a conditional release became available.

After the Defendant agreed to intramuscular injections of prescribed antipsychotic medication, and remained compliant with his psychiatric medication, his mental health improved. He experienced improved functioning and less intense delusional beliefs. During his interview with a risk assessment panel that convened on September 11, 2014, the Defendant expressed his willingness to follow any requirements that would allow for his conditional release under a prescribed regimen of care, including changes to his treatment regimen, hospitalization, and monitoring. In a report dated September 15, 2014, the risk assessment panel described the Defendant as being at relatively low risk among patients committed under 18 U.S.C. § 4243,

given his age, limited history of causing harm, and his relatively stable mental health. The panel members were encouraged by his recent improvement and believed that placement in a group home or similar facility would be safe and appropriate if the Defendant were conditionally released with supervision, available treatment, and cooperated with the prescribed regimen. If such placement became available, the panel members agreed to reassemble, review the placement conditions, and make a more specific recommendation for the Court.

    Since September, the Defendant has continued to "demonstrate substantial improvements in his mental state and behavior." (Annual Risk Assessment 3-3-15 at 45.) This is attributed to his compliance with his psychiatric medication regimen. Additionally, Lakeview House in Goshen, Indiana, which is operated by Oaklawn, a large mental health organization, agreed to accept the Defendant for placement. According to the risk assessment panel's July 2015 evaluation, the Defendant again reported that he will continue to comply with his treatment, and would also participate in other required mental health treatment programming if he was conditionally released. The Defendant agreed to comply with the conditions of release that have been specifically proposed for his release and set forth in the Certificate of Conditional Release. The panel reported that the Defendant will likely require placement in a relatively structured setting or supportive living environment for the remainder of his life, but that he had "demonstrated significant improvements in his mental state and behavior due to mental health treatment and likely reached the maximum benefits of hospitalization at FMC Rochester." (Risk Assessment Addendum 7-30-15 at 9.) The panel opined that the living conditions at the Lakeview House would, in some respects, be very similar to his living situation at FMC Rochester. Accordingly, the Defendant would likely demonstrate the same level of compliance

4

and, as a result, functionality and appropriate social interactions. While the Defendant continues to suffer from a mental disease or defect— schizophrenia—"the risk assessment panel unanimously opined Mr. Wabol's conditional release under a prescribed regimen of medical, psychiatric, or psychological treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another." (*Id.*) The panel further "unanimously agreed the proposed conditional release plan to Lakeview House would adequately control and minimize any risks related to Mr. Wabol's release from custody due to the nature of the structure, treatment, and supervision he would receive." (*Id.* at 9–10.) The Court has independently reviewed the proposed conditions that the warden has certified are appropriate, and finds them to be appropriate. Neither the Government nor the probation officer have any objections or additions to the proposed conditions.

Based on the foregoing, the Court **ORDERS** the Defendant conditionally discharged. The conditions set forth below are intended to treat the Defendant's mental illness, which both lessens the risk of his engaging in violent behavior and promotes his ability to function outside the confines of the Bureau of Prisons. They are also intended to eliminate his exposure to potential risk-enhancing factors, such as medication noncompliance, and alcohol or drug use.

1. Mr. Wabol will reside at Oaklawn Group Home located at 209 Lakeview Drive, Goshen, IN 46527. Mr. Wabol will not make any change in his residence without the advance approval of the mental health providers and the Supervising U.S. Probation Officer.
2. Mr. Wabol will comply with all recommendations of treatment and will comply with all appointments with the Oaklawn or at another mental health facility as approved by the U.S. Probation Officer. Mr. Wabol shall not change mental health providers without

advance approval of the U.S. Probation Officer.

3. Mr. Wabol shall not knowingly leave the District of Indiana without the prior approval of the U.S. Probation Officer.

4. Mr. Wabol shall comply with psychiatric treatment as directed by the treatment team and the U.S. Probation Office, to include oral and injectable psychotropic medications.

5. While Mr. Wabol is in outpatient counseling, he may be admitted to an inpatient facility or placed in a crisis stabilization facility should his treating clinicians and the U.S. Probation Officer deem it is necessary for his safety or the safety of the community.

6. Mr. Wabol is to abstain from all use of alcohol and other drugs not prescribed by his treating physician. His treating physician shall notify the U.S. Probation Officer of any changes in the administration of anti-psychotic drugs.

7. Mr. Wabol is to submit to urine analysis and other drug testing for the detection of use of controlled substances and to undergo regular urine and serum blood level screening if ordered by the treating physician and U.S. Probation Officer to ensure abstinence from substances and the maintenance of a therapeutic level of medication.

8. Mr. Wabol shall participate in outpatient/inpatient substance abuse counseling as directed by the U.S. Probation Officer, if deemed necessary after an evaluation.

9. Mr. Wabol shall not possess any firearms, destructive device, or other dangerous weapons, and shall submit to a random search of his person, property and residence by the U.S. Probation Officer upon reasonable suspicion of a violation of this condition.

10. Mr. Wabol shall not commit another federal, state, or local crime.

11. Mr. Wabol is to report any contact with any law enforcement officer to the U.S.

Probation Office within 24 hours of the contact.

12. Mr. Wabol will be supervised by the U.S. Probation Office for a period of two years. Mr. Wabol agrees to waive any confidentiality rights he may have regarding his mental health treatment in order to allow sharing of information with the Supervising Probation Officer who will assist in evaluating the ongoing appropriateness of community placement.

13. The medical provider may at any time recommend modification or elimination of the regimen of medical, psychiatric, or psychological care or treatment, upon certification to this Court that to do so would not create a substantial risk of bodily injury to another person or serious damage to the property of another. Any party requesting modification or termination of the Conditions of Release shall submit adequate documentation supporting the request through the Supervisory U.S. Probation Officer, to the Civil Division of the U.S. Attorney's Office for the District of Indiana, for a determination as to whether a motion for release should be filed.

14. Mr. Wabol's failure to adhere to any of these conditions may result in him being located, taken into custody, and subsequently reviewed by the federal court of jurisdiction for suitability for continued release to the community.

The Clerk is directed to send a copy of this Order to FMC Rochester. Upon receipt of this Order of conditional discharge, the Bureau of Prisons is to arrange transportation and continued care for the Defendant until his arrival at 209 Lakeview Drive, Goshen, Indiana.

SO ORDERED on August 11, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION